# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FORMEL D USA, INC.,<br><br>Defendant. | CASE NO.<br><br>COMPLAINT<br>AND JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party, Alicia Farran. As alleged with greater particularity in paragraphs 13-15 below, the Equal Employment Opportunity Commission alleges that Defendant, Formel D USA, Inc., violated Title VII by subjecting Charging Party to sexual harassment and retaliation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and

instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Formel D USA, Inc. ("the Employer"), has continuously been doing business in the State of Michigan and the City of Taylor and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Alicia Farran filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On or about September 30, 2021, and December 6, 2021, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On May 27, 2022, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. On January 5, 2023, the Commission issued to Defendant Employer a revised Letter of Determination finding reasonable cause to

believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant Employer to provide Defendant with the opportunity to remedy the discriminatory practices described in the May 27, 2022 and January 5, 2023 Letters of Determination.

11. On March 2, 2023, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since approximately February 2018, Defendant Employer has engaged in unlawful employment practices at its Taylor, Michigan, yard (hereinafter the "Taylor Yard") in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 704(a) of Title VII, 42

4

U.S.C. § 2000e-3(a), by subjecting Alicia Farran to sexual harassment and retaliation.

    a. Farran began working for Defendant on or about February 5, 2018, as a project assistant.

    b. The supervisor at Defendant's Taylor Yard, recruited Farran with the promise of better pay and job opportunities.

    c. The supervisor recruited Farran with the intent to pursue her sexually.

    d. The supervisor was involved in hiring Farran.

    e. The supervisor had direct supervision over Farran and supervised mechanics at the Taylor Yard.

    f. Farran worked at Defendant's Taylor Yard, providing administrative support for the Taylor Yard and Defendant's yard in Toledo, Ohio.

    g. Shortly after Farran's employment started, the supervisor began to make unwanted sexual advances on her.

h. During Farran's employment, the supervisor would repeatedly ask Farran to engage in a sexual relationship with him.

i. Farran repeatedly rejected the supervisor's unwanted sexual advances.

j. In April 2018, in response to her rejection, the supervisor cut Farran's work hours without explanation or justification.

k. In May 2018, Farran reported her supervisor's harassing conduct to the Taylor Yard project manager (a male), but the project manager took no action to address Farran's complaint about the supervisor.

l. Between May and June 2018, the supervisor continued to proposition Farran.

m. Farran continued to reject the supervisor's unwanted sexual advances.

n. On several occasions between May and June 2018, the supervisor also subjected Farran to unwanted touching of

     a sexual nature, including kissing and hugging her without her consent.

o. On at least one occasion in June 2018, the supervisor showed Farran a sexually explicit video while at work and without her consent.

p. Farran did not welcome the supervisor's sexual advances or sexually explicit video.

q. On or about July 22, 2018, the supervisor took away Farran's work laptop, leaving her unable to complete her job duties, and sent her home without explanation or justification.

r. The following day, the supervisor told Farran not to return to work, claiming there was no work for her.

s. Thereafter, Defendant refused to schedule Farran to work despite her multiple requests to return to work.

t. On August 24, 2018, Defendant changed Farran's employment status to "termination," unbeknownst to Farran.

u. In early September 2018, Farran emailed Defendant's human resources department stating she had been subjected to unwanted sexual advances from her supervisor, that she previously complained to the project manager about the supervisor's conduct, and that the supervisor retaliated against her by refusing to let her work.

v. On September 14, 2018, Farran met with Defendant's HR Specialist and Defendant's President of the Americas to discuss Farran's email.

w. The President told Farran that she had been "laid off" but said that he would check on the availability of work at the Toledo Yard.

x. Defendant never called Farran back to work.

y. Defendant failed to take corrective action to address Farran's complaint of harassment.

z. Defendant cut Farran's work hours, laid off Farran, and terminated her employment in retaliation for her complaints against her supervisor.

14. The unlawful employment practices complained of in paragraph 13 were intentional.

15. The unlawful employment practices complained of in paragraph 13 above were done with reckless indifference to the federally protected rights of Farran.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of sex, including sexual harassment.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, including a workplace free of sexual harassment, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in

active concert or participation with it, from retaliating against employees who complain about sexual harassment.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which ensure employees who engage in protected activity are protected from retaliation.

E. Order Defendant Employer to make Alicia Farran whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant Employer to make Alicia Farran whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above.

G. Order Defendant Employer to make Alicia Farran whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant Employer to pay Alicia Farran punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                    GWENDOLYN YOUNG REAMS
Acting General Counsel

                                    CHRISTOPHER LAGE
Deputy General Counsel

                                    KENNETH L. BIRD
Regional Attorney

                                    OMAR WEAVER
Assistant Regional Attorney

        /s/ Diana Marin
        Diana E. Marin (P81514)
        Trial Attorney
        DETROIT FIELD OFFICE
        477 Michigan Ave, Room 865
        Detroit, Michigan 48226
        (313) 774-0057
        diana.marin@eeoc.gov

Dated: June 23, 2023