## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

ALICIA FARRAN,

      Plaintiff-Intervenor

v.

FORMEL D USA, INC.,

      Defendant.

Case No. 23-cv-11479
Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

## PLAINTIFF EEOC'S MOTION TO COMPEL DISCOVERY

Pursuant to Fed. R. Civ. P. 26(b)(1), Fed. R. Civ. P. 37(a)(3)(B), E. D. Mich. LR 7.1, and E. D. Mich. LR 37.1, the Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") requests an Order Compelling Defendant Formel D USA, Inc. to provide supplemental and complete responses to EEOC's First Interrogatories and First Requests for Production of Documents. The EEOC also requests that such Order compel Defendant to provide an updated privilege log, expand the search terms Defendant uses to search and produce responsive, electronically stored documents, expand the

1

custodian list by which to search and produce responsive documents, and require Defendant's counsel to properly supervise Defendant's search and collection of responsive electronically stored information (ESI).

Pursuant to Fed. R. Civ. P 37(a)(1) and Local Rule 7.1(a), the undersigned certifies that prior to filing this Motion, the Commission conferred with Defendant's counsel to obtain the withheld discovery without court action.

1.     Plaintiff EEOC filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., alleging that Plaintiff-Intervenor Alicia Farran was sexually harassed by a supervisor and retaliated against and terminated for refusing the supervisor's advances and for complaining about her supervisor's harassment and retaliatory conduct.

2.     On October 11, 2023, Plaintiff served the EEOC's First Requests for Production to Defendant (or "RPD") pursuant to Fed. R. Civ. P. 26(d). On November 15, 2023, Plaintiff served the EEOC's First Interrogatories to Defendant pursuant to Fed. R. Civ. P. 33.

3.      Defendant's responses to these discovery requests were initially due on December 15, 2023, and later extended to December 18, 2023.

4.      On November 15, 2023, the parties held their first Rule 26(f) meet-and-confer. Prior to the November 15 conference, the EEOC sent Defendant's counsel a letter detailing the specific ESI topics to discuss and requested a joint stipulation regarding ESI. See Exhibit A (Nov. 8 EEOC ESI letter).

5.      During the November 15 meet-and-confer, Defendant's counsel did not have information for several of the ESI topics in the Nov. 6 EEOC ESI letter, including Defendant's search terms and search protocol.

6.      On November 17, 2023, the EEOC emailed Defendant's counsel a list of the outstanding ESI topics to be discussed and a draft Joint ESI Stipulation. See Exhibit B (Nov. 17 EEOC email and ESI topics follow up letter). A second meet-and-confer was scheduled.

7.      During the second meet-and-confer held on November 27, 2023, the parties discussed the EEOC's proposed Joint ESI Stipulation

and Defendant's counsel agreed to file the Joint ESI Stipulation with the Court subject to some modifications.

8.     A final version of the Joint ESI Stipulation was filed with the Court on December 5, 2023, which the Court entered as an Order. See ECF No. 13, PageID.106 (ESI Order).

9.     On December 18, 2023, Defendant served written responses to the EEOC's Interrogatories, responses the EEOC's Request for Production of Documents, and Defendant's initial disclosures. Defendant's December 18 written responses and Initial Disclosures were incomplete, contained broad generalized objections, did not include any document production, and did not include a privilege log.

10.     Defendant also did not produce any documents with its December 18 written responses and requested the parties enter a protective order. The EEOC engaged in multiple days of negotiations of a protective order, but Defendant ultimately did not continue negotiations.

11.     On December 26, 2023, Defendant produced documents in response to Plaintiff EEOC's discovery requests. Defendant's December

4

26 production was incomplete, contained redacted documents, and did not include a privilege log.

12.     On January 11, 2024, Plaintiff EEOC sent Defendant a discovery deficiency letter and requested to meet-and-confer. See Exhibit C (Jan. 11 EEOC discovery deficiency letter).

13.     On January 25, 2024, Defendant emailed the EEOC a response to the Jan. 11 EEOC discovery deficiency letter, stating it would provide a privilege log, supplement its prior production with bates numbers, and agree to confer regarding additional custodians. But Defendant maintained its objections to several discovery requests. See Exhibit D (Jan. 25 Defendant response letter).

14.     On February 15, 2024, the parties' counsel met and conferred regarding Defendant's discovery deficiencies. During the February 15 meet-and-confer, Defendant agreed to provide its privilege log, supplemental responses, additional ESI information, interrogatory verification, and search terms by the following week. See Exhibit E (Feb. 16 EEOC second discovery deficiency letter).

15.     Defendant did not provide the EEOC with supplemental responses or information, as agreed.

16.     On February 28, 2024, Plaintiff EEOC emailed Defendant's counsel regarding the overdue responses and scheduled a Rule 37(a)(1) and Local Rule 7.1(a) meet-and-confer for March 7, 2024.

17.     On March 7, Defendant's counsel served Defendant's supplemental written discovery responses, which are still deficient. See Exhibit F (Defendant's Supplemental Response to EEOC's First Interrogatories), Exhibit G (Defendant's Supplemental Response to EEOC's First Requests for Production).

18.     Defendant's counsel also emailed the EEOC a document entitled "Formel D ESI search Information.docx," which contained Defendant's search terms and a description of Defendant's search protocol. See Exhibit H (Mar. 7 Defendant's search terms and protocol).

19.     Defendant's search terms and protocol are deficient and do not comply with the Court's ESI Order, as Defendant is self-collecting its ESI without adequate supervision from its attorneys.

20.     On March 8, 2024, Defendant provided a privilege log for its December 26 production. Based on the privilege log, Defendant is withholding documents that are not protected by the attorney client

privilege or attorney work product privilege. See Exhibit I (Defendant's privilege log).

21.   On March 13, 2024, Defendant provided supplemental document production, but such production is not complete, contains improperly redacted documents, and does not include an updated privilege log.

The EEOC requests that this Court enter an Order requiring Defendant Formel D USA, Inc. to:

a) Cease self-collecting ESI and require that Defendant's counsel properly supervise the collection of Defendant's ESI;

b) Provide full and complete responses to the EEOC's Interrogatory No. 4;

c) Provide full and complete responses the EEOC's First Requests for Production of Documents;

d) Produce documents it is withholding that are not protected by the attorney-client or work product privilege;

e) Provide an updated privilege log in accordance with the ESI Order (ECF No. 13);

f) Expand the search terms and list of custodians to be used for

   Defendant's supplemental search and collection of ESI;

g) Follow the search term procedures laid out in the ESI Order (ECF

   No. 13); and

h) Pay costs and attorneys' fees associated with bringing this motion.

Dated: March 22, 2024

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KENNETH BIRD, Regional Attorney

OMAR WEAVER, Assistant Regional
Attorney (P58861)

*/s/ Diana E. Marin*
Diana E. Marin (P81514)
Trial Attorney
DETROIT FIELD OFFICE
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0057
diana.marin@eeoc.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2024, I electronically filed the foregoing *Motion to Compel Discovery* and accompanying *Brief in Support* with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record via the Court's e-filing system.


*/s/ Diana E. Marin*
Diana E. Marin (P81514)
Trial Attorney
DETROIT FIELD OFFICE
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0057
diana.marin@eeoc.gov

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

   Plaintiff,

ALICIA FARRAN,

    Plaintiff-Intervenor

v.

FORMEL D USA, INC.,

   Defendant.

Case No. 23-cv-11479
Hon. Shalina D. Kumar

Magistrate Judge Curtis Ivy, Jr.

# BRIEF IN SUPPORT OF PLAINTIFF EEOC'S
# MOTION TO COMPEL DISCOVERY

1

## QUESTIONS PRESENTED

1. Should the Court compel Defendant to fully respond to Plaintiff EEOC's First Interrogatories and First Requests for Production, and provide an updated privilege log?

   Plaintiff EEOC answers: "Yes."

2. Should the Court order Defendant to expand its search terms and custodian list, and require Defendant's counsel to supervise the collection of e-discovery in this litigation?

   Plaintiff EEOC answers: "Yes."

3. Should the Court order Defendant to produce non-privileged documents it is currently withholding?

   Plaintiff EEOC answers: "Yes"

4. Should the Court order Defendant to pay Plaintiff's reasonable expenses incurred in bringing this motion, including attorney's fees?

   Plaintiff EEOC answers: "Yes."

## CONTROLLING AUTHORITY

Plaintiff EEOC submits that the following Rules of the Federal

Rules of Civil Procedure are controlling:

Fed. R. Civ. P. 26(b)(1);

Fed. R. Civ. P. 26(b)(5)(A);

Fed. R. Civ. P 26(g)

Fed. R. Civ. P. 34(b)(2)(C);

Fed. R. Civ. P. 37(a)(3)(B);

Fed. R. Civ. P. 37(a)(4); and

Fed. R. Civ. P. 37(a)(5)(A).

## I.    INTRODUCTION

The EEOC has served Defendant with nineteen (19) requests for production and fifteen (15) interrogatories, which seek standard information and documents relevant to the EEOC's Title VII sexual harassment and retaliation claims. Despite months of correspondence and several meet-and-confers with counsel, Defendant has yet to provide full and complete discovery responses and is withholding non-privileged information and documents.

Defendant is also self-collecting its ESI without proper supervision by defense counsel. Defendant's unsupervised self-collection flouts the ESI Stipulation and Order (ECF 13), negotiated by the parties, which clearly states self-collection is improper and does not comport with the requirements of Rule 26(g). As a result of Defendant's self-collection, the EEOC has received incomplete responses to eight of its requests for production and one interrogatory. The EEOC seeks an order from this Court requiring that Defendant provide complete responses to the EEOC's discovery requests, and that Defendant cease self-collecting its ESI.

## II.   LAW AND ARGUMENT

The EEOC seeks information and documents in Defendant's possession, custody, and control, that are relevant to its sexual harassment and retaliation claims and Defendant's defenses. See Fed. R. Civ. P. 26(b)(1) (permitting parties to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …"). Rule 26(b)(1) states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; see also *Vontz v. Malone*, No. 2:19-cv-12735, 2021 U.S. Dist. LEXIS 192582, at *3 (E.D. Mich. Oct. 5, 2021).

Defendant has provided *some* supplemental responses and document production, yet these are incomplete. Under Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Because Defendant caused months of delay and only provided piece-meal and incomplete responses, the EEOC now seeks an order from the Court requiring Defendant to provide complete responses and production. See Fed. R. Civ. P. 37(a)(3)(B) (permitting a party seeking discovery to

"move for an order compelling an answer, designation, production or inspection.").

If the EEOC's motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

## A. Defendant's Improper Self-Collection of ESI

Defendant is self-collecting its ESI, despite the Court's ESI Order, and well-established legal precedent. This has led to unnecessary delay and incomplete discovery responses as detailed *infra*, sections D.1-D.8.

The Court's ESI Order, which was negotiated by the parties' respective counsel, clearly states that "any collection of ESI shall be done under the proper supervision of counsel and that unsupervised ESI self-collection does not comply with Federal Rule of Civil Procedure 26(g)." ECF No. 13, PageID.110. Yet, Defendant is self-collecting its ESI and Defendant's counsel is not supervising Defendant's search and collection.

For example, during the parties' February 15, 2024, meet-and-confer Defendant's counsel stated that he came up with search terms and provided the search terms to Defendant's IT department but could not provide any further details on what systems were searched or how the IT department applied those search terms. See Ex. E (Feb. 16 EEOC second discovery deficiency letter). On March 7, 2024, Defendant's counsel provided the EEOC with Defendant's search terms and protocol. Ex. H (Mar. 7 Defendant's search terms and protocol). This document describes Defendant's unsupervised ESI collection: "Defendant's IT department conducts the searches manually in Microsoft Outlook tools. IT extracts the mailbox. Then the outlook search function is used to conduct the searches and extract the results. Defendant has reviewed Nicole Rogers' and Samantha Witter's Formel D laptop OneNote files. They did not have any notes regarding Alicia Farran." *Id.*

In *Lyman v. Ford Motor Co.*, this Court reiterated the well-established principle that "an attorney may not simply rely on custodian self-collection of ESI. Instead, counsel must test the accuracy of the client's response to document requests to ensure that all

appropriate sources of data have been searched and that responsive ESI has been collected—and eventually reviewed and produced." 344 F.R.D. 228, 230 (E.D. Mich. 2023). See also, *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 637 (E.D. Mich. 2021) ("Defense counsel cannot disown responsibility for designing proportional searches and search testing.").

Here, Defendant's counsel is not supervising Defendant's ESI self-collection. Defendant's counsel is relying on unidentified individuals to apply search terms to Defendant's email and other electronic systems. Defendant's counsel is taking the ESI Defendant has collected and simply processing it for production without testing Defendant's responses for accuracy. This has caused unnecessary delay and a detrimental effect on the EEOC's ability to obtain key evidence. See *infra*, section B.1 to B.8.

The Court should order Defendant to stop its unsupervised ESI self-collection and require Defendant's counsel to properly supervise Defendant's ESI collection. In addition, Defendant, under the supervision of counsel, should search for responsive ESI using additional search terms and additional custodians proposed by the

EEOC and provide search term hit reports pursuant to the Court's ESI Order. *See* Ex. J, (EEOC's Additional Search Terms and Custodians); ESI Order, ECF No. 13, PageID.111-112.

### B. **The EEOC's Requests for Production and Defendant's Inadequate Responses**

1. *Request for Production No. 3: Employment Files for Key Fact Witnesses*

Request No. 3: "Produce all documents related to the employment of the following individuals, including but not limited to personnel files, documents regarding performance, conduct, or grievance investigations:

a) Alicia Farran

b) Garret Littleton

c) Clair Thompson"

Defendant's Response to Request No. 3: "Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, to the extent it seeks irrelevant information, and to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other privilege or protection. Subject to and without waiving these objections, see Defendant's document production." Defendant's supplemental response: "See FORMEL000007-

000083. Personnel documents for Clair Thompson will be provided in Defendant's second document production."

Defendant has not produced Clair Thompson's personnel file, despite agreeing to do so. Mr. Thompson was the Project Manager supervising Ms. Farran and Mr. Littleton. More importantly, Ms. Farran first complained to Mr. Thompson regarding Mr. Littleton's sexual harassment and retaliation. *See* EEOC Complaint, ECF No. 1, PageID.6, ¶13.k; Plaintiff-Intervenor Complaint, ECF No. 3, PageID.25, ¶¶ 21-23.

Defendant fired Mr. Thompson approximately two weeks after Ms. Farran emailed Human Resources personnel a detailed sexual harassment complaint. *See* Exhibit K, EEOC_0000268 (listing Mr. Thompson's termination date as September 28, 2018). During his deposition, Mr. Thompson testified that he was fired unexpectedly and without an explanation. See Ex. L, Clair Thompson Deposition, 21:20-22:23. Obtaining Mr. Thompson's personnel file will shed light on why Defendant fired him and whether it had anything to do with Ms. Farran's sexual harassment complaint.

    2.    *Request for Production No. 8: Documents Relating to Farran's Sexual Harassment Complaint.*

Request No. 8: "Produce all Defendant documents and communications relating to Alicia Farran's complaint of sexual harassment."

Defendant's Response to Request No. 8: "Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, to the extent it seeks irrelevant information, and to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other privilege or protection. Subject to and without waiving these objections, see Defendant's document production." Defendant's supplemental response: "See FORMEL000117-000154. See also response to Request No. 5[1] that includes documents referencing Ms. Farran's alleged complaint."

None of the documents Respondent has produced to date include documents relating to Ms. Farran's EEOC charge. Ms. Farran's EEOC

---

[1] Defendant's response to Request No. 5: "For documents stored by Human Resources in electronic form, see FORMEL000023-000039, FORMEL000087-FORMEL000101, FORMEL000102-000121, FORMEL000123-000137, FORMEL000141-000150, FORMEL000154, FORMEL000159-000164, FORMEL000167-000173, FORMEL000176-000188, FORMEL000191-000336, FORMEL000339-000373."

charge was about her sexual harassment and retaliation complaint and hence covered by request no. 8. As such, Defendant should run additional searches such as "EEOC" "charge of discrimination" "retaliate*" on current and additional custodians. See Ex. J (EEOC's Additional Search Terms and Custodians).

       3.    *Request for Production No. 9: Documents Relating to Farran's Lay-off*

Request No. 9: "Produce all documents and communications relating to Defendant's decision to lay-off Alicia Farran."

Defendant's response to Request No. 9: "Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, to the extent it seeks irrelevant information, and to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other privilege or protection. Subject to and without waiving these objections, see Defendant's document production." Defendant's supplemental response: "See response to Request No. 5 for emails that explicitly reference the lay-off of Ms. Farran and repeated reviews of whether there was sufficient work available to return her to work."

The documents listed in Defendant's response to request no. 5 only contain documents from Ms. Farran's personnel file, Ms. Farran's pay stubs, notes from the investigation, and invoices. Defendant produced nothing that is easily identifiable as being responsive to request no. 9. Moreover, Defendant seems to only have used one search term, "layoff," related to request no. 9. See Ex. H. Defendant should apply additional search terms to additional custodians to ensure it has collected all responsive ESI in its possession. See Ex. J (EEOC's Additional Search Terms and Custodians).

4.   *Request for Production No. 10: Documents Relating to Farran's Termination*

Request No. 10: "Produce all documents and communications relating to Defendant's decision to terminate Alicia Farran's employment."

Defendant's response to Request No. 10: "Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, to the extent it seeks irrelevant information, and to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other privilege or protection. Subject to and without waiving these objections, see Defendant's document

13

production." Defendant's supplemental response: "See response to Request No. 5 that includes emails that discuss the lay-off of Ms. Farran and her status of "terminated" in Dayforce."

Defendant should apply additional search terms to additional custodians to ensure it has collected all responsive ESI in its possession. See Ex. J (EEOC's Additional Search Terms and Custodians).

5. *Request for Production No. 13: Electronic Communications Regarding Farran From Key Custodians*

Request No. 13: "Produce all of Defendant's electronic communications regarding Alicia Farran, to or from the following custodians: a) Garret Littleton; b) Clair Thompson; c) Nicole Rodgers; d) Samantha Witter; e) Stefan Stadie; f) Natosha Huffstickler; g) Gerry Hodapp; h) Shanica Wilson; i) all Human Resources employee, manager, or agent not listed above; and j) all Defendant management staff not listed above."

Defendant's response to Request No. 13: "Defendant objects to this request as vague, ambiguous, overly broad, unduly burdensome, to the extent it seeks irrelevant information, and to the extent it seeks documents protected by the attorney-client privilege, work product

doctrine, and/or any other privilege or protection. Subject to and without waiving these objections, see Defendant's document production. Defendant states that there were it has not located the email accounts for Garret Littleton or Clair Thompson." Defendant's supplemental response: "See FORMEL000155-000373."

Defendant's supplemental response and production are incomplete as they do not include responsive communications from the following custodians: Shanica Wilson (inspector working during and after Ms. Farran's employment); Adrian Johansson (project manager who hired Ms. Farran), McLeod Soper (Human Resources); Gottfried Gschnitzer (Technical Director with knowledge of Ms. Farran's sexual harassment complaint); Camille Taylor (Human Resources involved with recruiting Ms. Farran). See Ex. J (EEOC's Additional Search Terms and Custodians). In addition, Defendant seems to only have applied a limited number of search terms, such as Ms. Farran's complete name. Defendant should apply the additional search terms in Exhibit J.

6. *Request for Production No. 15: Documents Relating to Work Volume at Taylor and Toledo*

Request No. 15: "Produce all documents and communications relating to Taylor and Toledo yard work volumes reported by FCA

Chrysler to Defendant from January 1, 2018, through December 31, 2018."

Defendant's response to Request No. 15: "See Defendant's document production for Taylor Yard workflow. The Toledo Yard information will be supplemented." Defendant's supplemental response: "See FORMEL0000405-000541 for Taylor Yard workflow documents."

An important factual dispute in this case is whether Defendant had work available for Ms. Farran when Defendant decided to lay her off and terminate her employment. Based on documents produced by Ms. Farran and deposition testimony to date, Defendant has not produced relevant and responsive documents to request no. 15., such as emails containing daily projections or reports, which were used by managers and supervisors to determine how much work was available.

To date, Defendant has only produced postdated invoices sent to Defendant's client after work was completed at the Taylor facility and some emails from Ms. Farran regarding reports that she completed during some of the time she worked. Defendant has also not produced any responsive documents relating to its Toledo facility, despite stating it would do so.

16

Mr. Thompson and Mr. Littleton both testified that they relied on various electronic reports to determine how much work was available, and that those reports were shared by email. *See* Exhibit L, Thompson Depo. 87:20 - 90:17 (explaining "morning reports" and "end of day reports"); Exhibit M, Garret Littleton Deposition, 119:4-121:21 (explaining yard reports). See also, Exhibit N, Alicia Farran Deposition, 118:1-119:19 (explaining morning reports and end of day reports were transmitted by email). Defendant should search and collect these reports for the requested period and produce them by a date certain.

7.   *Request for Production No. 16: Documents Relating to Inspector Job Postings*

Request No. 16: Produce all job postings and job descriptions for Defendant's Inspector job title that were posted, created or in existence at any time from January 1, 2018 to the present. Defendant's response to Request No. 16: "See Defendant's document production." Defendant's supplemental response: "See FORMEL000029."

Defendant has not provided a complete response to request no. 16. Specifically, it has not produced any job postings that were posted, created or in existence from January 1, 2018 to the present, despite evidence that there was at least one job posting in August 2018 when

Ms. Farran was laid off. See Ex. O, (EEOC_0001084 and EEOC_0000140). Furthermore, beginning in 2018, Defendant had an internal job board, see Ex. O, (EEOC_0000637), and it is unclear whether Defendant has searched this internal job board for responsive documents. Any Inspector job openings posted after Defendant laid off Ms. Farran are relevant to Defendant's defense that it did not have work available for Ms. Farran and should be produced.

        8.   *Request for Production No. 19: Documents Relating to Defendant's Finances*

Request No. 19: "Produce Defendant's signed and dated corporate tax returns (and all schedules and attachments), annual reports and financial statements from 2018 through 2021."

Defendant's response to Request No. 19: "Defendant objects to the request as it is a private corporation, and this information could provide a significant harm and competitive advantage to competitors of Formel D. Defendant further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and as seeking irrelevant information."

Defendant did not provide any supplemental information for this request and has informed the Commission that it will not provide the

information and documents sought. Defendant has not cited to any statute, rule, or case law in support of its position that it will not produce its financial information.

Defendant's financial information is relevant to facts currently in dispute (that Defendant experienced a downturn in business in 2018) and to the Commission's request for punitive damages. Discovery about a party's financial condition is relevant to a claim for punitive damages and therefore permissible. See *In re Heparin Products Liability Litigation*, 273 F.R.D. 399, 407 (N.D. Ohio. 2011); *EEOC v. Medical Weight Loss Clinic, Inc.*, No. 07-CV-15394-DT, 2008 WL 4630666, at *2 (E.D. Mich. Oct. 17, 2008).

### C. **Interrogatories**

1.   *Interrogatory No. 4: Information Relating to Defendant's Revenue and Profit*

Interrogatory No. 4: "State the dollar amount of Defendant's year-end gross revenue for 2018 through 2022, Defendant's year-end profits for the same year, and the identity of individuals who can provide testimony on these subjects."

Defendant's response to Interrogatory No. 4: "Defendant objects to this request as it is a private company not subject to public reporting of

this information. Defendant further objects to this interrogatory as seeking irrelevant information. Subject to and without waiving any objections, Defendant states that gross revenues and profits will be provided if and when an appropriate protective order or agreement is executed by the parties."

In December 2023, the EEOC engaged in negotiations with Defendant's counsel regarding a protective order. Defendant's counsel has not provided a final version of the protective order. In March 2024, Defendant's counsel stated Defendant would not provide this information even with a protective order. Defendant's financial information is relevant to facts currently in dispute and to the Commission's request for punitive damages and therefore permissible. See *In re Heparin*, 273 F.R.D. at 407; *Medical Weight Loss Clinic*, 2008 WL 4630666 at *2.

### D. <u>Defendant is Withholding Non-Privileged Communications and Documents</u>

The Sixth Circuit has articulated an eight-part test to determine whether an attorney-client privilege exists: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in

confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir.1998), cert. denied, 525 U.S. 820, 119 S.Ct. 61, 142 L.Ed.2d 48 (1998). "The attorney-client privilege is narrowly construed, because it 'reduces the amount of information discoverable during the course of a lawsuit.' Furthermore, '[t]he burden of establishing the existence of the privilege rests with the person asserting it.'" *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 113, 116 (E.D. Mich. 2019) (internal citations omitted).

Defendant has asserted the attorney-client privilege and work product privilege for nine of the EEOC's requests for production (No. 3, 5, 8, 9, 10, 12, 13, 14, and 18). Defendant's privilege log indicates that it is withholding approximately thirty-three documents, several of which do not meet the Sixth Circuit's test for attorney-client privilege. See Ex. I (Mar. 8 Defendant's privilege log). For example, the first three entries of Defendant's privilege log lists email communications between Defendant's Vice President, Technical Director, and a Human Resources Director. While the descriptions for the three entries

reference "seeking legal advice," none of the entries include any attorney in the communication and therefore are not protected by the attorney-client privilege and should be produced. *See Hello Farms Licensing MI, LLC v. GR Vending MI, LLC*, No. 1:21-CV-10499, 2023 WL 6049505, at *2 (E.D. Mich. Sept. 15, 2023) (reconsideration denied, No. 1:21-CV-10499, 2023 WL 6429524 (E.D. Mich. Oct. 2, 2023) (holding that emails involving discussions among employees that are not made or received by an attorney are not protected by the attorney-client privilege).

Defendant's March 13 supplemental production also contains two redacted documents, Formel001033 and Formel001034, which are completely blacked out. See Exhibit P (Defendant's Redacted Documents). Defendant has not provided an updated privilege log for these documents so that the EEOC may determine under what privilege Defendant has redacted these documents. See, *Wolverine World Wide, Inc. v. Am. Ins. Co.*, No. 1:19-cv-00010-JTN-ESC, 2023 U.S. Dist. LEXIS 225980, at *16 (W.D. Mich. Sep. 8, 2023) (failure to provide a privilege log may constitute waiver of privilege asserted); *Ypsilanti Cmty. Utils. Auth. v. Meadwestvaco Air Sys. LLC*, No. 07-CV-15280, 2009 U.S. Dist.

LEXIS 99707, at *7 (E.D. Mich. Oct. 27, 2009) ("The Court can reject the claim of privilege where the party invoking the privilege 'does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege.'"). Defendant should either produce unredacted copies of Formel001033 and Formel001034 or update its privilege log to assert a federally recognized privilege.

## III.   CONCLUSION

Plaintiff EEOC requests that this Court enter an Order requiring Defendant Formel D USA, Inc. to:

a) Cease self-collecting ESI and require that Defendant's counsel properly supervise the collection of Defendant's ESI;

b) Provide a full and complete response to the EEOC's Interrogatory No. 4;

c) Provide full and complete responses the EEOC's First Requests for Production of Documents;

d) Produce documents it is withholding that are not protected by the attorney-client or work product privilege;

e) Provide an updated privilege log in accordance with the ESI Order (ECF No. 13);

f) Expand the search terms and custodian list to be used for

Defendant's supplemental search and collection of ESI;

g) Follow the search term procedures laid out in the ESI Order (ECF

No. 13); and

h) Pay costs and attorney's fees associated with bringing this motion.

Dated: March 22, 2024                 Respectfully submitted,


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KENNETH BIRD, Regional Attorney

OMAR WEAVER, Assistant Regional
Attorney (P58861)


*/s/ Diana Marin*
Diana E. Marin (P81514)
Trial Attorney
DETROIT FIELD OFFICE
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0057
diana.marin@eeoc.gov


24