**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| ALICIA FARRAN, | CASE NO. 23-cv-11479 |
| Plaintiff-Intervenor | Hon. Shalina D. Kumar |
| v. | |
| FORMEL D USA, INC., | |
| Defendant. | |

**DEFENDANT FORMEL D. USA, INC.'S RESPONSE TO
PLAINTIFF EEOC'S MOTION TO COMPEL DISCOVERY**

1

## <u>QUESTIONS PRESENTED</u>

1. Should the Court compel Defendant to fully respond to Plaintiff EEOC's First Interrogatories and First Requests for Production, and provide an updated privilege log?

   Defendant Formel D answers: "No."

2. Should the Court order Defendant to expand its search terms and custodian list, and require Defendant's counsel to supervise the collection of e-discovery in this litigation?

   Defendant Formel D answers: "No."

3. Should the Court order defendant to produce non-privileged documents it is currently withholding?

   Defendant Formel D answers: "No."

4. Should the Court order Defendant to pay Plaintiff's reasonable expenses incurred in bringing this motion, including attorney's fees?

Defendant Formel D answers: "No."

## CONTROLLING AUTHORITY

Defendant Formel D submits that the following Rules of the Federal Rules of Civil Procedure are controlling:

Fed. R. Civ. P. 26

Fed R. Civ. P. 34

Fed. R. Civ. P. 37


Defendant Formel D submits that Eastern District of Michigan Local Rule 7.1(a) is also controlling.

## INTRODUCTION

On March 7, 2024, counsel for the Parties held a meet and confer to determine whether they could avoid the instant motion. The parties reached agreement on each issue discussed or had additional tasks to complete to continue the "interactive process" required by Local Rule 7.1(a). Counsel for Defendant Formel D USA, Inc., asked several times during the conference if the parties had reached agreements that would avoid the filing of this motion to compel and the response from all of the parties was that we had reached such an agreement. At the end of the call counsel for Formel D reviewed the list of open tasks and confirmed that the parties had reached agreements on tasks to be completed by a date certain and other open items that would avoid the filing of a motion to compel. Formel D completed its list of items. The EEOC did not complete any of its items and has raised entirely new issues in this motion. Accordingly, this motion is improper and premature. The Court should deny the motion in its entirety and order the EEOC to pay Formel D's attorney's fees in responding to this motion under Local Rule 7.1(a)(3).

## BACKGROUND

Formel D's business model and operations are fairly unique and this has caused some confusion in this case. Employees, like Ms. Farran, work at facilities owned by client auto companies. Whether Formel D has work for its employees to perform depends entirely on what the auto company assigns and those assignments change daily. As a result, Formel D employee workloads and work assignments can change daily.

A central issue in this case is whether Ms. Farran was not called into work in retaliation for alleged complaints or whether she was not called into work because there was insufficient work for her. The facts demonstrate that there was insufficient work and Formel D has an interest in providing this information to support its position. Ultimately, it has been, and continues to be, Formel D's position that the measure of whether there was work for Ms. Farran and other employees is whether the facility was making money through work performed. Formel D has produced documents demonstrating what it was invoicing for the project for the relevant time period. The EEOC has not found information supporting its position that there was work (despite producing the reports it seeks in this motion for the period of time Ms. Farran was out

5

of work), so it continues to request more information on the apparent assumption that the fact that it has not found evidence that Formel D had work for Ms. Farran must mean that Formel D is hiding that information. The history of negotiations between the parties demonstrates that Formel D has been attempting to work with the EEOC to understand what "reports" it seeks and the EEOC arbitrarily decided to stop those discussions.

On February 28, 2024, counsel for the EEOC sent an email stating that the EEOC would be filing a motion to compel and offered to confer. Declaration of Jody Ward-Rannow ("Ward-Rannow Dec."), ¶2.   The parties held a conference on March 7 via video conference. Ward-Rannow Dec., ¶2. During the call the Parties discussed every open discovery issue in the EEOC's February 16 letter. Ward-Rannow Dec., ¶3. Defense counsel repeatedly asked for clarity that the agreement the parties had made on the items discussed would avoid a motion to compel. Ward-Rannow Dec., ¶3. Counsel for the EEOC repeatedly stated they it had. Ward-Rannow Dec., ¶3. At the end of the call the parties recapped what each party had agreed to do in order to avoid this very motion. Ward-Rannow Dec., ¶3.

Formel D agreed to do the following:

| Task | Completed: Yes/No |
|---|---|
| Provide a privilege log for the documents already produced by Friday, March 8, 2024. | Yes |
| Provide a word document version of Formel D's search terms document so that the EEOC could make redlines to the document and the parties could engage in the process outlined in the ESI Protocol ordered by the Court. Formel D was open to considering additional search terms. | Yes |
| Provide its supplemental document production for by March 13, 2024. | Yes |
| Conduct additional ESI searches on additional custodians and recheck searches that were previously conducted. | Yes |

The EEOC (and if desired, Ms. Farran) agreed to do the following:

| Task | Completed: Yes/No |
|---|---|
| Use the word document version of Formel D's search terms to suggest additional search terms so the parties could confer on those search terms. | No |
| Decide whether it would be sufficient for Formel D to state that its revenue was in excess of a certain dollar amount instead of providing exact dollar amounts for its business and let Formel D know whether a compromise would work for the purposes of a punitive damages claim. | No |

Formel D met all of its commitments from the March 7 call. The EEOC met **none** of its commitments from the March 7 call. Ward-Rannow Dec., ¶4.

Instead of redlining Formel D's search terms document as agreed and as called for in the ESI Protocol, the EEOC, for the first time, provides suggested additional search terms and custodians attached to the instant motion. This does not comply with Local Rule 7.1(a). Any statement that the parties met and conferred about the search terms is false. Any statement that the parties did not agree on custodians is false.

Moreover, Formel D and the EEOC had a potential workable solution to the financial information request, but the EEOC wanted time to think through whether Formel D's proposal would be sufficient. The EEOC never responded with this information. Instead, it represented to the Court in the instant motion that Formel D has refused to provide any financial information, which is false.

Further, the EEOC for the first time in this motion argues that Formel D's privilege log contains documents that are not privileged. As this is a discovery issue, the failure to meet and confer is a violation of Local Rule 7.1(a).

During discussions between the parties, counsel for Formel D disclosed that she would be out of town with family March 13 through March 20 and returning to the office midday on March 21. The EEOC

acknowledged this when scheduling the settlement conference. Ward-Rannow Dec., ¶5, Ex. A. Counsel for Formel D worked diligently to meet its commitments from the March 7 call including managing the March 13 document production while in-flight. The EEOC filed the instant motion at 10:18 am CT on March 22, 2024. ECF No. 20. Counsel for Formel D had been back in the office less than a full day and had not had an opportunity to review the addition documents Formel D pulled in response the March 7 call. With the pending motion and the April 3 settlement conference, counsel for Formel D focused efforts on settlement. Now that the settlement conference was unsuccessful, Formel D first focused efforts on responding to this motion given the deadline and will move forward with its next production.

## ARGUMENT

### A. Defendant's alleged Self-Collection of ESI.

Formel D is not engaging in any inappropriate discovery practices or violating any Rule. In fact, Formel D is engaging in the same practices for discovery collection as the EEOC and Ms. Farran: counsel interviews clients and those with potential information, identifies potential custodians, and then instructs the client to pull documents, and asks

follow up questions of the client based on follow up information throughout the case. This is exactly what the Eastern District has articulated the process should be. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 635–36 (E.D. Mich. 2021) (stating that attorneys must interview the client, identify custodians, instruct the client about what discovery to pull, and then follow up with the client to verify information if it seems incorrect).

The EEOC seems to argue that Defendant is required to hire an outside service to complete discovery to avoid "custodian self-collection." This is not the law. In fact, in *Waskul* the Court analyzed the search capabilities of the County's internal document system and did not state that the county could not conduct its own searches. *Id.* at 634-35.

The EEOC appears to argue that if counsel is not an expert on computer databases to be able to speak in terms of specific computer terminology, then the attorney is relying on "custodian self-collection." That is not the law. And if it was, then all counsel would be in violation of this Rule.[1] On each call counsel for Formel D has provided basic

---

[1] On the March 7, 2024 call, counsel for the EEOC did not know that the Relativity database identified the custodians for which documents had been produced. Counsel for Formel D and another representative of the

information about the databases that were searched, and when more detailed technical language was requested Formel D attorneys stated that they did not want to misspeak and inadvertently create a dispute, so they would check on the specific requested information and provide an update, which they did.

The EEOC represents Formel D's March 8, 2024 search terms document as evidence of "custodian self-collection." This is incorrect and misleading. The Model Rule and the Eastern District of Michigan allow Formel D to have the company run the searches that the attorney instructs it to run. As the EEOC states in its motion, Mr. Giles informed the EEOC that he formulated the list of custodians based on his review of the case, created the search terms, and directed the company to run the searches. He then reviewed the documents and they comported with his knowledge of the case over the prior five years. Where the parties have disagreed is on the identity of the custodians and the searches to

---

EEOC were able to discuss this information in detail. Formel D does not believe that counsel for the EEOC's reliance on another individual to know the metadata involved in the production displays any inappropriate conduct by counsel for the EEOC. Formel D simply asks that its counsel be afforded the same courtesy when it needs more information about certain technical questions from the person who knows and runs those systems in Germany who was not on the calls.

conduct. These disagreements do not show that Formel D is conducting unchecked discovery. They show that the parties have had good faith disputes about what is relevant, within the scope of discovery, and outside what is proportional to the needs of this case. For the reasons set forth below, the Court should deny the EEOC's motion to compel in its entirety and grant Formel D its attorney's fees and costs associated with responding to this motion.

### B. The EEOC's Requests For Production And Its Misstatements of Events.

#### a. Request for Production No. 3: Employment Files for Key Fact Witnesses

The EEOC asserts that Defendant has not produced Clair Thompson's personnel file. This is untrue. Defendant has produced the personnel documents that it can locate for Clair Thompson. Formel D has not objected to providing personnel documents for Mr. Thompson. The EEOC may have an opinion that it would like more documents to exist relating to Mr. Thompson, but that does not mean that Formel D has not produced the personnel documents regarding Mr. Thompson that it has in its possession.

The EEOC asserts that it needs Mr. Thompson's personnel file to learn why Mr. Thompson was terminated. The EEOC deposed Mr. Thompson's supervisors and had the opportunity to inquire about Mr. Thompson's termination. It was not related to Ms. Farran and Formel D has no reason to hide this information. Counsel for Formel D continues to "test" the accuracy of searches provided by Formel D as outlined in *Waskul* and if any additional personnel documents for Mr. Thompson are located, Formel D will produce them.

### b. Request for Production No. 8: Documents Relating to Farran's Sexual Harassment Complaint.

Formel D has produced numerous documents relating to Ms. Farran's complaint at issue in this case. The EEOC alleges that Formel D's production is deficient because none of the documents relate specifically to the EEOC charge. The EEOC's proposed resolution for this is that Formel D should run additional ESI searches.

First, this motion is the first time the EEOC has provided the proposed search term list. Thus, the parties have not met and conferred on this topic as required by Local Rule 7.1(a).

Second, Formel D's privilege log identifies that it has emails relating to the EEOC charge, but that these documents are attorney-

13

client privileged communications and/or attorney work product as documents of an investigation conducted at the direction of counsel so that counsel could provide legal advice in anticipation of litigation. Indeed, the EEOC advises employers that they should anticipate litigation when they receive a charge. Thus, it is not surprising that the few people at Formel D who had knowledge of the EEOC charge were not engaging in emails about the EEOC charge outside of privileged communications with their attorney.

Finally, simply because there are no non-privileged, responsive documents is not evidence that Formel D has not conducted appropriate searches. Formel D never opposed producing non-privileged documents relating to the EEOC charge if those exist. There is nothing in dispute. The EEOC simply wants Formel D to double check for additional documents. Formel D is willing to consider additional searches on many topics in this case but believes it would be premature for the Court to order search terms before the parties have had a single conversation to see whether a compromise could be reached that would balance the proportional needs of the case. The Court should deny the EEOC's motion.

### c. Request for Production No. 9: Documents Relating to Farran's Lay-off.

Regarding Request No. 9, the EEOC does not allege any deficiencies in Formel D's response. The EEOC simply requests that Formel D "should apply additional search terms to additional custodians to ensure it has collected all responsive ESI in its possession." ECF No. 20, p.14.

First, no meet and confer has occurred on this topic as Formel D was not provided with Exhibit J prior to this motion. Regarding the additional custodians, as discussed in the next section, the parties had an agreement that Formel D would conduct additional searches for a defined list of additional custodians on March 7. Exhibit J adds new custodians about which the parties did not discuss on March 7 and for which Exhibit J is the first time such individuals have been identified.

Second, even if Formel D had seen the search terms list before this motion was filed, this is not an appropriate subject for a motion to compel. The EEOC does not allege any deficiencies. There is no issue that is ripe for the Court to review. The Court should deny the EEOC's motion, order the EEOC to complete the meet and confer process, and order the EEOC to pay Formel D's attorney's fees in responding to this motion.

### d. Request for Production No. 13: Electronic Communications Regarding Farran From Key Custodians.

The EEOC alleges that Formel D's supplemental response and production are incomplete because they do not include responsive documents from several individuals. Additionally, the EEOC requests that its search terms in Exhibit J should be applied to these custodians.

During the March 7 conference counsel for Formel D asked the EEOC what custodians it wanted searched. Counsel for the EEOC stated it was the custodians listed in its January 11, 2024, letter. Accordingly, the parties discussed each person listed on page 6 of the January 11 letter. Counsel identified that every person identified in the January 11 letter had either already been searched or Formel D agreed to conduct the search. Counsel for Formel D then asked counsel for the EEOC, since Formel D had agreed to all of these custodians, if that met what the EEOC sought in order to avoid the filing of this motion. Counsel for the EEOC said that it did.[2] The EEOC's motion does not disclose this discussion.

---

[2] The parties understood that the EEOC was not waiving a future motion if there was a future issue.

Moreover, the EEOC added new names to the list of requested custodians that were not identified in its January 11 letter or on March 7. Some of the names in Exhibit J are also not in the EEOC's brief.[3]

On March 7, counsel for Formel D stated that it would run its search terms through the agreed list of custodians discussed at the conference and asked if the EEOC wanted those documents produced when they were available or wanted Formel D to wait to run any additional custodian searches until the parties agreed on the additional

---

[3] Throughout the case Formel D has felt that the EEOC's requests have changed with each discussion. These changes are what have necessitated counsel for Formel D continuing to seek additional information from its client to answer changing requests from the EEOC. This topic is an example of this. The EEOC's motion does not reference the last agreements and discussions the parties had on March 7. The EEOC's document request has a slightly different list of requested custodians than the January 11 letter, this list is slightly different than the EEOC's brief, and this list is slightly different than the Exhibit J. This is the reason that counsel for Formel D asked several times if the meet and confer on March 7 and satisfied counsel for the EEOC to avoid the instant motion. The EEOC will likely argue that Formel D is responsible for identifying relevant custodians. Formel D disagrees that the additional custodians are relevant to this case or the continued searches are proportional to the needs of this case, but it had agreed to the compromise to avoid the instant motion and the fees associated with responding to it. The fact that Formel D did not identify these or other custodians does not display that Formel D did not meet its discovery obligations. It reflects that Formel D disagrees with the EEOC about what is within the scope of discovery for this case and what is relevant.

search terms. The EEOC responded that Formel D should run its searches and produce those documents as long as Formel D would not claim that it would not do additional searches because it was a burden to run multiple searches. Formel D agreed. Counsel for Formel D made clear that it could not produce these additional documents by March 13 because the searches needed to be run and then the documents reviewed.

Even though the EEOC did not confer on the additional custodians, Formel D does not object to adding McLeod Soper, Roman Wolf, and Kerry Wilson as custodians. Formel D has not had an opportunity to review the breadth of the search terms to determine whether such searches are proportional to the needs of the case and would ask for the opportunity to have a meet and confer on these terms before an order is issued. The Court should deny the EEOC's motion, order it to comply with Local Rule 7.1(a), and order it to pay Formel D's attorney's fees for responding to this motion.

### e. Request for Production No. 15: Documents Relating to Work Volume at Taylor and Toledo

The EEOC alleges that Formel D has not produced documents relating to work volume at Taylor and Toledo. This is incorrect. The discussions around the documents demonstrating the work performed by

Formel D for auto company, FCA, have evolved over time. Formel D's business is unique and the parties continue to try to get on the same page about the reality of the work performed and how it was documented. Formel D makes decisions about staffing based on the profitability of a project. In other words, if there is no work to bill the customer, then there is no need for employees. Thus, Formel D produced invoices for work performed during the requested time period. To the extent that there were dates that were not invoiced that was because there was no work done on those days.

During meet and confers, the EEOC requested the daily reports that Ms. Farran sent while working for Formel D. Ms. Farran alleged that she pulled these reports every day, so the statement that Formel D's production is incomplete because it only provides "some" reports for the time period during Ms. Farran's employment is inconsistent with Ms. Farran's allegations.

Regardless, even as recently as during the settlement conference, Formel D sought to confer with plaintiffs to understand what documents they believe identify the work performed by Formel D during the time Ms. Farran was laid off. Formel D is actively working to produce

additional documents that show work available and work performed at Taylor Yard and Toledo following the understanding gained during that discussion on April 3. Formel D's concern is that an order could be issued requiring production of documents or reports that do not exist and never existed based on good faith misunderstandings. Moreover, the reports on which Ms. Farran bases her claim that work was available are contained in the EEOC's production. Formel D sought to understand what other types of reports Ms. Farran believed existed besides the ones she has in her possession. Formel D left the discussion on April 3 hopeful that the parties had made some progress on this issue. The Court should deny the EEOC's motion and order the EEOC to comply with Local Rule 7.1(a).

**f. Request for Production No. 16: Documents Relating to Inspector Job Postings.**

The EEOC argues that Formel D should look for additional Inspector Job Postings. It argues that because Formel D has produced one document relating to an Inspector job posting, Formel D must not have conducted complete discovery. This is incorrect.

First, Formel D never replaced Ms. Farran. It did not hire another Inspector at Taylor Yard. Neither the EEOC nor Ms. Farran have alleged that Formel D replaced Ms. Farran. As a result, it is not surprising that

Formel D does not have more documents relating to job postings for Inspector roles than what the parties have produced.

Second, Formel D has stated that it has searched its records for internal job postings and external job postings. It has also stated that it remains open to continuing to search for job posting documents through the search term negotiations and additional custodians the parties discussed on March 7. The Court should deny the EEOC's motion and order the EEOC to comply with Local Rule 7.1(a).

## C. Request for Production No. 19 and Interrogatory No. 4: Documents and Information Relating to Defendant's Finances

The EEOC misrepresents the conversations and status of this Request and Interrogatory. Specifically, the EEOC states: "Defendant did not provide any supplemental information for this request and has informed the Commission that it will not provide the information and documents sought." ECF No. 20, pgs.18-19. This is false.

On March 7, the parties discussed this Request and Interrogatory for the first time. Formel D is a privately held company and explained that financial information in its industry is highly competitive and providing detailed financial information would create a significant

business disadvantage for Formel D. Formel D inquired about what type of financial information the EEOC needed to support its claims. Counsel for the EEOC stated that it likely did not need tax returns as stated in the Request. The purpose of seeking financial information was to determine whether there was a downturn in business as Formel D alleges and to support a punitive damages claim. Formel D asked why the invoices were not sufficient to show the financial position of the location at which Ms. Farran worked. Counsel for Formel D then asked whether it would be sufficient for Formel D to provide a response that its revenue exceeded a particular number per year in order for the EEOC to use that for purposes of a punitive damages claim. Counsel for the EEOC seemed open to this potential compromise, but said she wanted to check on whether that would work. She said that she would get back to Formel D. Counsel for the EEOC never replied to confirm whether Formel D's offer to provide this financial information was agreeable.

Despite the fact that Formel D had not heard back from the EEOC, Formel D still considered what information it could provide. Formel D is agreeable to providing a supplemental answer to Interrogatory that states that Formel D's annual revenue is in excess of $40 million. The

Court should deny the EEOC's motion to compel and hold that this is sufficient information. The Court should further order the EEOC to pay Formel D's fees for responding to this motion given the false recitation of the events relating to this Request and the EEOC's failure to respond to Formel D's offer before filing the motion.

## D. Defendant's Privilege Log

For the first time the EEOC argues that Defendant's privilege log contains documents that are not subject to a protectable privilege. The EEOC makes a blanket statement that "many" of the emails are not privileged. This claim is insufficient for Formel D to provide a substantive response. The EEOC alleges that three emails do not have an attorney listed on them, so they are not subject to the attorney-client privilege. Formel D disagrees. Regardless, Formel D asserted the attorney work product protection for any emails that were not a direct communication with an attorney.   As outlined in Defendant's privilege log, these communications were made at the direction of counsel to allow counsel to obtain information needed for him to provide legal advice in anticipation of litigation. The EEOC does not dispute that these emails are covered by the work-product doctrine. The EEOC simply argues that they are not

23

attorney-client privileged communications. Formel D has already agreed to update its privilege log as it produces more documents. The Court should deny the EEOC's motion and order it to pay Formel D's attorney's fees and costs associated with responding to the motion.

## <u>CONCLUSION</u>

For all of the reasons articulated above, the Court should deny the EEOC's motion and order it to pay Formel D's attorney's fees in responding to this motion.

Dated:  April 5, 2024                **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

                                                s/Jody Ward-Rannow
                                        Jody Ward-Rannow, MN #387098
                                        Capella Tower
                                        225 South Sixth Street, Suite 1800
                                        Minneapolis, MN  55402
                                        Telephone:  612.339.1818
                                        Fax:  612.339.0061
                                        jody.ward-rannow@ogletreedeakins.com

**EMPLOYERS LAW SC, LLC**

Stephen Giles
47 Green Street, Simpsonville, SC 29681
Phone: 864.918.2614
steve.giles@employerslawsc.com

***Attorneys for Defendant Formel D***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record via the Court's e-filing system.

Dated: April 5, 2024        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

               s/Jody Ward-Rannow

Jody Ward-Rannow, MN #387098
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612.339.1818
Fax: 612.339.0061
jody.ward-rannow@ogletreedeakins.com

***Attorneys for Defendant Formel D***

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| ALICIA FARRAN, | CASE NO. 23-cv-11479 Hon. Shalina D. Kumar |
| Plaintiff-Intervenor | |
| v. | |
| FORMEL D USA, INC., | |
| Defendant. | |

## DECLARATION OF JODY WARD-RANNOW IN SUPPORT OF DEFENDANT FORM D. USA, INC.'S RESPONSE TO PLAINTIFF EEOC'S MOTION TO COMPEL DISCOVERY

I, Jody Ward-Rannow, declare the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.     I am one of the attorneys representing Defendant Formel D USA, Inc. ("Defendant") in the above-captioned action. I submit this declaration in support of defendants' Response to Plaintiff EEOC's Motion To Compel Discovery.

1

2.      On February 28, 2024, counsel for the EEOC sent an email stating that the EEOC would be filing a motion to compel and offered to confer. The parties held a conference on March 7 via video conference.

3.      During the call the Parties discussed every open discovery issue in the EEOC's February 16 letter. Defense counsel repeatedly asked for clarity that the agreement the parties had made on the items discussed would avoid a motion to compel. Counsel for the EEOC repeatedly stated they it had. At the end of the call the parties recapped what each party had agreed to do in order to avoid this very motion.

4.      Formel D agreed to do the following:

| Task | Completed: Yes/No |
|---|---|
| Provide a privilege log for the documents already produced by Friday, March 8, 2024. | Yes |
| Provide a word document version of Formel D's search terms document so that the EEOC could make redlines to the document and the parties could engage in the process outlined in the ESI Protocol ordered by the Court. Formel D was open to considering additional search terms. | Yes |
| Provide its supplemental document production for by March 13, 2024. | Yes |
| Conduct additional ESI searches on additional custodians and recheck searches that were previously conducted. | Yes |

The EEOC (and if desired, Ms. Farran) agreed to do the following:

2

| Task | Completed: Yes/No |
|---|---|
| Use the word document version of Formel D's search terms to suggest additional search terms so the parties could confer on those search terms. | No |
| Decide whether it would be sufficient for Formel D to state that its revenue was in excess of a certain dollar amount instead of providing exact dollar amounts for its business and let Formel D know whether a compromise would work for the purposes of a punitive damages claim. | No |

Formel D met all of its commitments from the March 7 call. The EEOC met **<u>none</u>** of its commitments from the March 7 call.

5.     In February, I spoke with counsel for the EEOC regarding scheduling the settlement conference. At that time I said I would be out of town with family March 13 through March 20. I would be returning to the office midday on March 21. Counsel for the EEOC mentioned that she and Ms. Farran's attorney had family vacations scheduled around or slightly after that time. The fact that counsel for the EEOC understood this timing is reflected in her February 8, 2024, email regarding scheduling the settlement conference, a true and correct copy of which is attached as **Exhibit A** to this Declaration.

FURTHER DECLARANT SAYETH NOT.


 Dated:  April 5, 2024


                                     s/Jody Ward-Rannow

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record via the Court's e-filing system.

Dated:  April 5, 2024       **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

 s/Jody Ward-Rannow
Jody Ward-Rannow, MN #387098
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612.339.1818
Fax:  612.339.0061
jody.ward-rannow@ogletreedeakins.com

***Attorneys for Defendant***
***Formel D***

5

# EXHIBIT A

| | |
|---|---|
| **From:** | DIANA MARIN [she/her/hers] <DIANA.MARIN@EEOC.GOV> |
| **Sent:** | Thursday, February 8, 2024 11:31 AM |
| **To:** | Ward-Rannow, Jody; Stephen Giles; Neil Woelke |
| **Cc:** | AMBER DADE; DEMERICHA HOBSON |
| **Subject:** | dates for settlement conference - EEOC et al. v. Formel D USA, Inc. |

**[Caution: Email received from external source]**

Counsel:

I spoke to the case managers for Judge Kumar and Judge Ivy regarding scheduling a settlement conference. All we must do is send an email to Judge Kumar's case manager requesting a settlement conference with Judge Ivy. We should provide proposed dates in the email.

As of yesterday, Judge Ivy is available for a settlement conference on March 4, 6, 11, 12, 20 and 23. I don't think Jody is available on March 20 and 23. Jody, please let us know your and Defendant's availability for these March dates.

I think March 4 and 6 may be too soon given Ms. Farran will likely be deposed the week of February 26 but I am open to it if necessary.

If the March dates don't work for all, then the settlement conference will have to take place April 16 onward based on my understanding of everyone's schedules.

Please let me know your availability as soon as you can so I can send the email to Judge Kumar's case manager.

Thank you,



Diana E. Marin (she/her/ella)
Trial Attorney
Equal Employment Opportunity Commission
Detroit Field Office
477 Michigan Avenue, Rm. 865
Detroit, Michigan 48226
Office: (313) 774-0057
Email: diana.marin@eeoc.gov

E-MAIL CONFIDENTIALITY NOTICE:  All information contained in this email message is confidential for use ONLY by the Equal Employment Opportunity Commission (EEOC) and the intended recipient(s). If you are not an intended recipient, you are hereby notified that any use or dissemination of this communication is strictly prohibited. If you have received this communication

in error, please delete all copies of the message and its attachments and notify the sender immediately. Your receipt of this message is not intended to waive any applicable privilege. Emails that are sent or received by the EEOC will be retained according to EEOC's record retention schedule.