UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ALICIA FARRAN,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>FORMEL D USA, INC.,<br><br>Defendant. | Case No. 23-cv-11479<br>Hon. Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

### EEOC'S REPLY BRIEF

Defendant has not responded to the EEOC's motion to compel with any substantive argument or supporting case law. Defendant's response consists of *ad hominem* attacks on EEOC counsel and meritless claims that the EEOC did not comply with Local Rule 7.1(a). Defendant's attempts to deflect from the substantive discovery issues at hand should be rejected by the Court.

    **I.    EEOC's Compliance with Local Rule 7.1(a).**

The EEOC has complied with Local Rule 7.1(a) as evidenced by the four meet-and-confers the EEOC counsel held prior to filing the

1

instant motion. See EEOC Motion to Compel, ¶¶ 5, 7, 14, 16, ECF No. 20, PageID.139-142 (describing meetings held on November 15, 2023, November 27, 2023, February 15, 2024, and March 7, 2024). There is simply no merit to Defendant's argument that this Court should deny the EEOC's motion and grant Defendant attorney's fees based on a failure to adhere to Local Rule 7.1(a).

The EEOC disputes Defendant's account of the March 7 meeting, which was conducted to narrow the discovery issues to be brought before the Court. On March 7, the parties disagreed about Defendant's self-collection and the EEOC made it clear to defense counsel that this would be a topic in the EEOC's motion to compel. While Defendant did produce additional documents, and a privilege log, *after* the March 7 meeting, these were all deficient. Given the amount of time it has taken Defendant to provide the EEOC with basic information, and the similar deficiencies in its March 13 production, the Court's involvement became necessary.

## II. Dispute Regarding Search Terms and Custodians.

Defendant has not explained why it ignored the EEOC's January 11 written request for its search terms and search term reports. Only after the EEOC informed defense counsel of its intention to file a

2

motion to compel did Defendant provide search terms and those are inadequate. Moreover, in its response to the EEOC's motion, Defendant has not agreed to the search terms proposed by the EEOC. Therefore, the issue of search terms is ripe for the Court's review.

Similarly, the expansion of the custodian list should be decided by the Court. Defense counsel has only provided lip service to the EEOC's requests for additional custodians[1]. On March 7, defense counsel once again agreed to additional custodians, yet Defendant's March 13 production did not include responsive documents for custodians that they agreed to search prior to March 7 (ex. Adrian Johannson). Therefore, the issue of additional custodians is ripe for the Court's consideration. As required by Local Rule 37.1, the EEOC will confer with defense counsel in advance of the Court's hearing on this motion and attempt to narrow the areas of disagreement with respect to discovery topics, including search terms and custodians.

### III. Defendant Does Not Deny Self-Collecting ESI.

Defendant ignores the Court's ESI Order by engaging in

---

[1] In its January 11 letter, the EEOC provided a list of additional custodians <u>and</u> made it clear that more custodians may be identified after Defendant supplements its responses and production. See ECF No. 20-4, PageID.184.

unsupervised self-collection. Defense counsel's description of what it has done to test the quality and accuracy of Defendant's self-collection is woefully inadequate. Defense counsel has not specified what Mr. Giles' "knowledge of the case" is based on - his memory, specific documents in his possession, or something else and why that is the only metric used. Defense counsel is not employing basic quality-control processes, which are "an essential element of the 'reasonableness' of a party's discovery efforts." See, The Sedona Conference, *The Sedona Conference Commentary on Achieving Quality in the E-Discovery Process A Project of the Sedona Conference Working Group on Electronic Document Retention & Production (Wg1),* 15 Sedona Conf. J. 265, 287 (2014).

Defense counsel also argues that it should not be required to have technical knowledge of Defendant's electronic systems. The ESI Order clearly states that designated ESI liaisons (such as Mr. Giles) "will be or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter." See ECF No. 13, PageID.107. More importantly, if defense counsel does not understand Defendant's computer software systems, they cannot

4

properly supervise Defendant's ESI collection. See *GFI Acquisition, LLC v. American Federated Title Corp.* (*In re A&M Fla. Props. II, LLC*), 2010 Bankr. LEXIS 1217, at *21 (Bankr. S.D.N.Y. Apr. 7, 2010) ("Counsel has an obligation to not just request documents of his client, but to search for sources of information. Counsel must … become fully familiar with the client's document retention policies, as well as the client's data retention architecture") (internal citations omitted).

Lastly, neither the EEOC nor Farran has self-collected ESI. As disclosed to defense counsel in November 2023, the EEOC collected Farran's entire Gmail account and imaged her cell phone[2]. Defense counsel has not collected custodian electronic documents. Defense counsel has relied on <u>unknown</u> Defendant employees to apply search terms to <u>unknown</u> computer systems, without seeming to do anything further to verify that everything in Defendant's possession, custody, and control was located.

### IV. Clair Thompson's Personnel Records.

---

[2] This is another example of defense counsel deflecting from the substantive issues. Defendant has not once brought up any concerns with the EEOC's method of collecting ESI. Defendant only brings it up now, and misrepresents what the EEOC has done, to deflect from its own deficiencies.

5

The EEOC has not deposed Thompson's supervisor, Stefan Stadie. Defendant has not indicated which documents in its production are contained in Thompson's personnel records. Defendant should supplement its discovery responses to identify bates numbers for Thompsons' personnel records. Defendant should also explain what searches it has conducted to locate Thompson's personnel records.

## V. Work Volume Reports

Contrary to what Defendant suggests, the EEOC is not in possession of the emails and reports it seeks. Farran provided the EEOC with screenshots of Defendant's emails showing work volume reports during the time she was laid off. These screenshots are difficult to read, do not include the reports attached to the email, and do not cover the entire period relevant to Farran's lost wages. Defendant cannot dispute that it is in possession of the requested emails and reports and therefore should produce them.

## VI. Defendant's Financial Information.

The EEOC cannot accept Defendant's proposal, as more is needed for determining appropriate punitive damages. See *E.E.O.C. v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 516 (6th Cir. 2001) (defendant's wealth or net worth may be considered to serve Title VII's purpose of deterrence).

## VII. Non-Privileged Emails and Redacted Documents.

Inexplicably, Defendant did not provide its privilege log until March 8, two and half months after its December 26 production. Defendant does not contest that the attorney-client privilege does not apply to communications between Defendant's employees. The EEOC has not conceded that an attorney work product privilege applies to such communications. It is Defendant's burden to show that the emails in question are protected under the work product doctrine and were prepared in anticipation of litigation. Defendant has not met this burden. See *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 382 (6th Cir. 2009) (objecting party did not provide affidavits or similar proof to support work product privilege). Defendant has not provided an updated privilege log or a basis for redacting pages of its March 13 production. Any privilege asserted for the redacted pages should be deemed waived.

                                        */s/ Diana Marin*
                                        Diana E. Marin (P81514),
                                        EQUAL EMPLOYMENT
                                        OPPORTUNITY COMMISSION
                                        477 Michigan Ave, Room 865,
                                        Detroit, Michigan 48226
                                        (313) 774-0057
                                        diana.marin@eeoc.gov