UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and ALICIA FARRAN, <br>　　　　　Plaintiffs, <br>v. <br><br>FORMEL D USA, INC., <br>　　　　　Defendant. <br>_____/ | Case No. 23-11479 <br><br>Shalina D. Kumar <br>United States District Judge <br><br>Curtis Ivy, Jr. <br>United States Magistrate Judge |

## ORDER REGARDING ECF No. 20

The Court held Plaintiff EEOC's motion to compel at ECF No. 20 in abeyance in part. What remains for determination is Defendant's assertion of attorney-client and work-product privilege in three emails. Defendant provided those emails and an updated privilege log the Court on September 26 and 27, 2024, for *in camera* review. Defendant provided three emails instead of the nine ordered based on the understanding that the EEOC was contesting responses to nine discovery requests which contained these three emails. If the EEOC is pressing for six other emails, it must confer with Defendant's counsel and inform the Court of the status.

For the reasons below, the motion to compel (ECF No. 20) as to the three emails is **GRANTED**.

The Sixth Circuit has held that the criteria below must be satisfied in order to hold that a communication is protected under the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (citing *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)). "Neither the attorney-client privilege nor the work product doctrine applies to prevent the disclosure of underlying facts, regardless of who obtained those facts." *Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514, at *50 (S.D. Ohio Nov. 13, 2012) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)). Communications between non-attorney corporate employees can be privileged if "made in order to secure legal advice from counsel." *Boltz v. United Process Controls*, 2017 WL 9938047, at *6 (S.D. Ohio June 23, 2017) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 394, (1981)). Further, communications between non-attorneys do not attain privileged status just because an attorney is copied on correspondence. *Burton v. Zwicker & Assoc., PSC*, 2012 WL 12925675, at *2 (E.D. Ky. Jan. 9, 2012). "Thus, to establish that . . . email between two non-attorneys is protected under the attorney-client privilege, Defendants must prove that the 'dominant intent' of the communication was to secure 'legal advice from [a] lawyer.'" *Id.* (citations omitted).

The Court has reviewed the three email chains. Each contains Plaintiff Farran's email containing allegations of harassment and retaliation. That email is not privileged. Each also contains an email from the Human Resources Generalist forwarding Farran's email to Vice President Hodapp. On its face, the forwarding email was not for the purpose of securing legal advice. The email forwarding Farran's allegations to Hodapp is not privileged.

Small portions of the three documents are left for review. Documents 1 and 3 contain one email along with the HR Generalist's forwarding email. The emails in Documents 1 and 3 were sent one second apart. The only difference between them is that Mr. Hodapp included himself as a BCC recipient in Document 1. Curiously, the descriptions of the identical emails differ in Defendant's privilege log. Hodapp sent the email with Farran's allegations to an attorney for Defendant to inform him of the allegations. This is attorney-client communication, done likely for the purpose of obtaining legal advice, though that is not expressly stated in the email. The substance of this portion of Documents 1 and 3 should be redacted, but the rest of the two email chains must be produced.

The two emails in Document 2 together with Farran's email and the initial email forwarding that to Hodapp concern scheduling a time to discuss Farran's allegations with counsel for Defendant. "Viewed in isolation, the legal nature of these messages may not be readily apparent; but in context, it is clear that the

3

predominant purpose of the messages was to schedule meetings at which legal advice would be sought or provided." *In re Ahlan Indus., Inc.*, 2020 WL 3620332, at *14 (Bankr. W.D. Mich. July 2, 2020); *Flexider USA Corp. v. Richmond*, 2021 WL 6496809, at *8 (M.D. Tenn. Mar. 8, 2021) ("Even though some of the substance of the emails involves scheduling, which would not ordinarily be protected from discovery, because the 'predominant purpose' of such communications is the facilitation of legal services from corporate counsel, they are protected by the attorney-client privilege."). Thus, they are protected from disclosure. The emails discussing scheduling may be redacted, the remainder must be produced.

Supplemental production must be complete **within 5 business days** of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: October 1, 2024                    s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge